184      NEW-YORK PRACTICE REPORTS.

Woods and wife agt. Susan Thompson and others.

----◄━●●►----

## SUPREME COURT.

STEPHEN WOODS and WIFE agt. SUSAN THOMPSON and others.

A married woman is obliged to prosecute by a next friend only where her hus-band cannot be joined with her—meaning evidently where she claims in op-position to him.

Although, when the action concerns her separate property, she may sue alone, and, as a necessary consequence, is bound by the judgment. It does not alter her liability in this respect if the husband is joined with her as a co-plaintiff, when they have not adverse interests in relation to the subject of the claim.

Therefore, where the husband and wife bring the action, but the wife verifies the complaint, and is the principal actor in the suit, no next friend for the wife is necessary; and it is no objection that the husband is joined, as it can not exempt her from the liability of being bound by the judgment, as when she sues alone.

*New-York Special Term, January,* 1855.
MOTION for appointment of next friend.

     J. J. TOWNSEND, *for motion.*
     E. R. BOGARDUS, *opposed.*

CLERKE, Justice. Before the Code, a married woman must have sued jointly with her husband, both in equity and at law, unless she claimed a right in opposition to him; and the suit was declared to be the suit of the husband only; so that a de-cree or judgment would not have bound the wife. This was

Woods and wife agt. Susan Thompson and others.

probably in analogy with the principle of the common law, that all acts performed by the wife during her coverture are void.

But now, by the Code, (§ 114,) " when the action concerns the separate property of the wife, she may sue alone," and as a necessary consequence, she is bound by a judgment in the action.

Does it alter her liability in this respect, if the husband is joined with her as a co-plaintiff?

It is always proper, though not always necessary, that the husband should be joined with the wife in prosecuting her claims, when they have not adverse interests in relation to the subject of the claim.

It has been decided in many cases, indeed, that the husband ought not to join with the wife as a co-plaintiff, in a suit relating to her separate property; but this was on the ground that he might have filed the bill without her knowledge or consent; and in such cases, the court has, on demurrer, ordered the name of the husband to be struck out as plaintiff, and inserted as defendant. But, in this case, the wife verifies the complaint, signifying not only her full knowledge of its contents, but her consent that the action should be commenced. *She is, therefore, the principal actor in the suit;* and the mere circumstance that her husband is a co-plaintiff, cannot exempt her from the liability of being bound by the judgment, to which she is expressly subjected by the Code, when she sues alone.

By the same section, she is obliged to prosecute by a next friend, only where her husband cannot be joined with her, meaning evidently where she claims a right in opposition to him.

I, therefore, conclude that the husband is properly joined with the wife as a co-plaintiff; that no next friend is necessary, and that any judgment which may be obtained in the action will be binding on her.

Motion denied, without costs.